ORIGINAL

**UNITED STATES DISTRICT COURT**
**for the**
**NORTHERN DISTRICT OF TEXAS**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2014 MAY 21  AM 8:53
DEPUTY CLERK _____

| | |
|---|---|
| RITA WINSTON, Epifanio Winston, Yves Winston, Jerome Winston & Francois Winston<br>**Plaintiffs** | CIVIL ACTION: 14-<br>**3-14CV-1844 D** |
| **Versus**<br>Mesquite Independent School District, Michael L. Williams, Eric V. Moye', Linda Henrie, Ed Morris, Cara Jackson, Sandra L. Sifford, Amy Morris, Janet Adams, Heather Hillis, Shanda Jackson, Rachelle Donovan & Leslie Riddle<br>**Defendants** | SECTION: "Mag"<br><br>Judge: |
| Jury Trial Requested | Magistrate: |

## WRONGFUL CHILD ENDANGERMENT

**NOW INTO COURT COMES PRO SE** Plaintiff, RITA WINSTON, who respectfully represents to this Honorable District Court that she is the custodial parent of one five-year-old son, Francois Winston, who is the made victim of a Child-Neglect and Child-Endangerment situation on March 05, 2014, in the city of Balch Springs, in the County of Dallas, in the state of Texas, in that this son was allowed to depart the campus grounds of his school and travel five different city blocks, unsupervised and unprotected, to his family residence; the enumerated facts supportive of plaintiff's civil complaint are as follows:

1.

**Pro Se Plaintiffs in this Child Endangerment Civil Action are an adult mother,** RITA WINSTON, and her four minor biological children: Epifanio Winston, Yves Winston, Jerome Winston, and Francois Winston. All the minor children are students of the Ed Hodges Elementary School

1

(EHES).  All plaintiffs are residents of the municipality of Balch Springs, in the Mesquite Independent School District (MISD), in Dallas County, Texas.

2.

**Identified Defendants in this Child Endangerment Civil Action are herein listed as** Mesquite Independent School District, Michael L. WILLIAMS, Texas Commissioner of Education; Eric V. Moye', Dallas County District Judge; Dr. Linda Henrie, School District Superintendent; Ed Morris, Police Chief; Cara Jackson, Principal; Amy Morris, Asst. Principal; Sandra L. Sifford, Operations Manager; Shanda Jackson, Asst. Teacher; and Elementary School Teachers Janet Adams, Heather Hillis, Rachelle Donovan & Leslie Riddle.  All Identified Defendants are adult residents of the State of Texas.

3.

**Plaintiff drove her pre-kindergarten son**, Francois, and her three other elementary-school sons to the Ed Hodges Elementary School, located at 14401 Spring Oaks Drive, Balch Springs, Texas 75180, Wednesday morning, 03/05/2014, at 07:30 a.m.  The other three sons of the plaintiff are Epifanio, age-9, a fourth grader; Yves, age-8, a third grader; and Jerome, age-7, a first grader.

4.

**Plaintiff later returned to her residence**, at 14305 Carla Drive, Balch Springs, Texas 75180.

5.

**Plaintiff reports having heard a repetitive knock** at her front door at 10:32 a.m. that same morning.  When she answered the knock, she noticed her five-year-old son, Francois, at

the front door. He was shivering and had a phlegm-infested runny nose. When plaintiff regained her composure from the shock of having seen her son in this state of disarray and agitation, she asked him to tell the plaintiff what had occasioned his departure from the school before it was time for her to go and retrieve him, at 11:00 a.m.

6.

**Plaintiff learned from her five-year-old son** that he had bolted from his classroom, while class was still in session; run into the lengthy hallway that leads from his pre-k classroom, and passes adjacent to the administrative office staff; and, eventually, into the front door that leads to the open street. Plaintiff's son advised his mother that he ran and walked into five different streets, from <u>Spring Oaks Drive</u> to <u>Mohawk Drive</u> to <u>Horseshoe Trail</u> to <u>Navajo Drive</u> , and, finally, onto <u>Carla Drive</u>, his home street, prior to knocking on the front door of his residence.

7.

**Plaintiff learned that her son** was able to depart the in-session classroom of his pre-k teacher, Ms. Janet Adams, because "she was focused" away from him and his departing movements; and that plaintiff's son was experiencing boredom at the time of his departure.

8.

**Pro Se Plaintiff, while still in a perturbed state** of shock and awe as she struggled to compose herself sufficiently to transport her son back to the Ed Hodges Elementary School (EHES), within the Mesquite Independent School District (MISD), plaintiff sought to ascertain the prevailing facts and circumstances at her son's pre-kindergarten elementary school that made it possible for her five-year-old, pre-k son to depart his in-session classroom, and the school hallway and campus, without being challenged or detected.

9.

**Plaintiff learned that the school staff** had gone into a panic mode in response to the mysterious disappearance of her five-year-old son from the school campus; and that a two-vehicle search party had been dispatched from the school in search of her missing son. A photograph of her missing son had been circulated throughout the elementary school student body and faculty in a frantic responsive attempt to ferret out a clue and/or lead as to just where her pre-k son may have gone.

10.

**Plaintiff maintains that the school's assistant principal**, Ms. Amy Morris, and others expressed relief at seeing plaintiff escort her son back onto the school's campus; and the plaintiff was advised that a meeting would be convened with her toward a resolution of the circumstances and prevailing atmosphere that may have precipitated plaintiff's son's sudden departure from his in-session pre-k classroom, stealthy entry into and run through the lengthy school hallway, and exit the front entry door undetected and undeterred.

11.

**Plaintiff avers that she had been assured** that the EHES faculty and/or staff would be convened into a session or two that was geared toward identifying contributory security breaches and the design or redesigning of a set of measures that would preclude such an alarming situation from eventuating again. However, to the date of this Federal Civil Action (FCA) complaint filing, April 17, 2014, no such meeting has been convened; and if one did convene, it did not include the plaintiff, nor any of her four sons: students of the EHES.

12.

**Plaintiff advises that she retrieved her** pre-k son from the EHES at 11:00 a.m., March 06, 2014, and noticed that he appeared agitated and at the point of bursting into tears. When she inquired of him, she learned that he had been the victim of harsh and unusually caustic words from the person of his pre-k teacher assistant, Ms. JACKSON (Shanda Jackson). It seemed, from the maternal perspective of the plaintiff that her son had been targeted in a retaliatory manner for having distressed the staff and faculty of the EHES the day before, 03/05/2014, when he had run-away from school. Plaintiff, additionally, recalls that on 04/02/2014, her son burst into tears after she had picked him from pre-k at 11:00 a.m.; and on inquiring what had happened, Francois advised his mother that Ms. Jackson had been "mean" to him.

13.

**Plaintiff avers that she has noticed an increased degree of** disorderly conduct being exhibited by her four sons since the incident of March 05, 2014. Plaintiff advises that she, herself, has been experiencing some residual shock and agitation from the disturbing episode of her pre-k son's sudden and unchallenged departure from his in-session classroom. Plaintiff questions whether the lack of attention to her son's conduct and location in the classroom and on the school's campus may have been the result of time-and-chance occurrence or the sinister product of chronic nefarious neglect.

14.

**Plaintiff avers that she went online to seek some kind of** relief from the lingering and residually-perturbing discomfort of reliving the incident of March 5th, and asking herself a whole bunch of "What if's": (1) "What if something had disrupted her son's quest to reach

home and her on the morning of March 5th?" "What if she had not been home, when her son knocked on the front door?" "What if she had delayed returning him to school?" All these "What if's" had begun to gnaw at her mind, and triggered a rise in her level of maternal anxiety.

15.

**Plaintiff avers that she somehow found herself on the** www.Pathway2Paradise.org website, with a contact email address of love@pathway2paradise.org. When she contacted the online ministry via email messaging, she encountered a gentleman who identified himself to her as "Doc", whom she later learned to be a certified and licensed ministering-therapist named "Dr. Landry Dixon", a resident of New Orleans, Louisiana. Plaintiff shared her story with Doc, who advised her to ascertain whether a police report had been made of this incident and to seek counseling for her-self and her four sons.

16.

**Plaintiff contacted the Balch Springs Police Department (BSPD)** in late March and learned that no police report had been made of the incident with her son, and that only the staff or faculty members of the EHES could initiate a police report of this "alleged incident" of a pre-k student having run-away from a pre-k elementary school classroom.

17.

**Plaintiff met with Doc on March 26, 2014**, and was advised by Doc to sue the Texas Department of Education, and to try to identify all employee members responsible for what was allowed to happen with her five-year-old son, on March 05, 2014, and <u>to chronicle all the adverse activities that may have eventuated from this traumatic event.</u> The plaintiff was

reluctant to engage herself and/or any of her minor children in so high profiled and so disturbingly-challenging a process, especially, as regarding her son, Francois.

18.

**Plaintiff relented and sued the EHES in the 14th Judicial Civil District Court of Dallas County Texas**, March 28, 2014, as a Pro Se litigant. Her indigent status and Section 8 poor-person category allowed her to avoid having to pay the civil petitioner filing fee. The Civil District Court Case was numerically identified as # 14-03219 in Division "A" of the 14th JDC, and assigned to Presiding Judge Eric V. Moye'.

19.

**Plaintiff later learned that her indigent status was being challenged and that JDC Judge Moye' has scheduled her** newly-filed civil petition for "Dismissal", due to a procedural error of sorts. When the plaintiff sought legal advice as to what did all these "sudden and distasteful legal roadblocks" meant, she was quoted a $2500.00 initial legal deposit fee, and told that "you cannot sue the Independent School System of Texas, because they are immune from civil liability." This latest revelation only served to further traumatize the person of the plaintiff.

20.

**Plaintiff wishes to apprise this Honorable Federal District Court** that she is fluent in the French language, and that her native tongue is French; and that English is her second language. Plaintiff is persuaded that her heavy and peculiar French accent may have made her Pro Se navigation of the American System of Jurist Prudence a monumental task; but she is equally

persuaded to pursue this school-based matter because of its regional, national, and global importance to all families, everywhere, who have children in a pre-primary and primary educational setting.

21.

**Plaintiff has elected to abandon her local pursuit** of a just outcome in the Dallas County Civil District Court System of the State of Texas, and take this matter to the UNITED STATES DISTRICT COURT for the NORTHERN DISTRICT OF TEXAS.

**CONSIDERING THE GLOBAL REACH AND PERVASIVELY UBIQUITOUS import and impact of the** articulated facts contained in the presentations of the plaintiff:

A.

**Plaintiff prays that this Honorable Court** finds that the pleadings of the plaintiff are meritorious and meet the level of Federal Jurisdiction within the scope of the judicial reach of the Northern District of Texas; and that a Cause of Civil Action does exist worthy of Federal Judicial Consideration.                                   B.

**Plaintiff prays that this Honorable Court** finds and assesses a monetary compensatory personal-injury claim against defendants, collectively and individually, of $10,000.00 per day for each day, effective March 05, 2014 to the date of final resolution of this matter, for having failed to protect the person of Francois Winston: a human-being, and pre-k member of the EHES.                                   C.

**Plaintiff prays that this Honorable Court** finds and assesses a monetary compensatory personal-injury claim against defendants, collectively and individually, of $5,000.00 per day for

each day, effective March 05, 2014, to the date of final resolution of this matter, for having subjected the plaintiff, Rita Winston, to the debilitating distress and painful ordeal of processing the real and present danger of losing her five-year-old baby boy to a plethora of potentially lethal scenarios that continue to resonate in her maternal understanding of an ever-present duty-to-protect her offspring, at all times – <u>no matter what</u>.

D.

**Plaintiff prays that this Honorable Court** finds and assesses a punitive monetary penalty against defendants, collectively and individually, of $1,000.00 per day for each day, effective March 05, 2014 to the date of final resolution of this civil liability suit, for having failed to initiate a remediating process to reduce the self-evident emotional trauma that each and every member of the Winston Family endured on 03/05/2014 and continues to experience to this day; and for having failed to convene a comprehensive gathering of all affected student body members, staff, and faculty members of the EHES, in concert with every member of the Winston Family, <u>to seek to bring closure to this incident and its implications in such a populated academic setting of youthful, impressionable, and unsophisticated tender minds.</u>

E.

**Plaintiff prays that this Honorable Federal Judiciary** will exercise its vast and nationally impactful resources to impose an Effectively-Benevolent and an Academically-Sound **CONSENT DECREE** in the Mesquite Independent School District that will serve as a model to the rest of the broader Texas School System that will deliver increased safety, security, and wellness to all of its students, especially, those being educated in pre-k and primary educational settings.

**Respectfully submitted, this 21st day of May, 2014**

*Rita Winston*
**RITA WINSTON,** Pro Se Plaintiff
14305 Carla Drive
Balch Springs, Texas 75180
(972) 913-1539
Ritaw35@suddenlink.net

## Certificate of Service

**Pro Se Plaintiff, RITA WINSTON, certifies** that she has on this date, <u>May 21, 2014</u>, mailed a copy of her Civil Complaint to identified defense counselors for the Mesquite Independent School District, and to identified defendants in this civil action, by placing same in a properly addressed envelope, postage prepaid with a return receipt requested notation on same, and placed in the United States Postal mailing system, as outlined below:

**Thomas P. Brandt,** Esquire
Two Energy Square
4849 Greenville Ave, Suite 1300
Dallas, TX 75206
<u>(Co-defense counselors for the Mesquite Independent School District teachers and administrators.)</u>

**John F. Roehm, III,** Esquire
Two Energy Square
4849 Greenville Ave, Suite 1300
Dallas, TX 75206

**Honorable Michael L. Williams**
Texas Commissioner of Education
1701 North Congress Avenue
Austin, TX 78701

**Honorable Judge Eric V. Moye'**
Presiding Judge, 14th JDC
600 Commerce Street
Dallas, TX 75202-4604

**Ms. Sandra L. Sifford,** Op. Mgr.
Civil & Family Courts
600 Commerce Street
Dallas, TX 75202

**Honorable Chief Ed Morris**
Balch Springs Police Department
12500 Elam Road
Balch Springs, TX 75180

*Rita Winston*
Rita Winston
14305 Carla Drive
Balch Springs, Texas 75180
(972) 913-1539
Ritaw35@suddenlink.net

# 3-14CV-1844D
## CIVIL COVER SHEET

JS 44 (Rev. 09/11)

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
RITA WINSTON, et al

### DEFENDANTS
MESQUITE INDEPENDENT SCHOOL DISTRICT, et al

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED MAY 21 2014 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff, RITA WINSTON
14305 Carla Drive; Balch Springs, TX 75180
(972) 913-1539      ritaw35@suddenlink.net

Attorneys *(If Known)*
Thomas P. Brandt, and John F. Roehm, III
SB# 02883500    SB# 17157500

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 2255
Brief description of cause:
Wrongful Child Endangerment (Pre-k minor was allowed to depart a pre-k-school classroom and campus, alone)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 6,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 05/21/2014
SIGNATURE OF ATTORNEY OF RECORD: Pro Se/ *Rita Winston*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____