**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RITA WINSTON, on behalf of E.W., et al., | § | |
|        **Plaintiffs,** | § | |
| | § | |
| **v.** | § | Civil No. 3:14-CV-1844-D-BK |
| | § | |
| MESQUITE INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
|        **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, individually and on behalf of her minor children, filed a *pro se* complaint against the Mesquite Independent School District and various school officials, which was automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  Plaintiff is claiming "Wrongful Child Endangerment," after her five-year-old son managed to leave school and walk home unattended before the end of his school day.  [Doc. 3 at 1-7].  For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

On May 22, 2014, the Court issued a deficiency order advising Plaintiff that, as a *pro se* litigant, she cannot represent her minor children in this action and must retain a licensed attorney to represent their claims.  [Doc. 7 at 1].  The Court also issued a questionnaire inquiring about the claims alleged by Plaintiff on her own behalf [Doc. 8], the answers to which are necessary to determine the preliminary question of the Court's jurisdiction and to conduct other required screening of Plaintiff's claims.  The deadline for Plaintiff's response was June 22, 2014.  As of the date of this recommendation, however, Plaintiff has not responded to the Court's deficiency order and the questionnaire nor has she sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order and the questionnaire. She has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED June 23, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute of limitations does not bar Plaintiff's minor children's claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2012) tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event that Plaintiff's minor children have colorable claims, the statute of limitations will not begin to run until they reach ther 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday).

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE